IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL MATTHEWS and ROY MATTHEWS, her husband,<br>　　　　　Plaintiffs, | )<br>)<br>)<br>) |
| vs. | ) CIVIL ACTION NO. |
| | ) |
| SHALERCREST HOUSING ASSOCIATION, INC., | )<br>)<br>) |
| | ) |
| 　　　　　Defendant. | ) JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

## PRELIMINARY STATEMENT

1.　　Plaintiffs, Carol Matthews and Roy Matthews, are citizens of the United States and residents of Allegheny County, Pennsylvania. They have claims of discriminatory treatment as a result of conduct by the Defendant, Shalercrest Housing Association, Inc. (hereinafter "Shalercrest") that interfered with their rights to rent and occupy residential property. The Defendant Shalercrest failed to allow Plaintiff, Carol Matthews, a reasonable modification and accommodation that Plaintiffs requested and which her doctor indicated was necessary for her to have safer access to her home.

## JURISDICTION AND VENUE

2.　　This is a fair housing action arising under the Fair Housing Act of 1988, 42 U.S.C.A. Sections 3601 et sec. Jurisdiction is conferred on this Court by 42 U.S.C.A. Section 3613.

3.      The property that is the subject of this action, as well as the events and/or admissions giving rise to the claim occurred in this district.  Therefore, venue properly lies pursuant to 28 U.S.C.A. Section 1391.

## PARTIES

4.      Plaintiffs, Carol Matthews and Roy Matthews, are adult individuals, who at all times relevant to the within matter are residents of Allegheny County, Pennsylvania, residing at 546 Mount Vernon Drive, Pittsburgh, Pennsylvania  15223.

5.      Plaintiff, Carol Matthews, at all times relevant to the within matter, is a disabled person pursuant to 42 U.S.C. 3602 (h) who has physical impairments limiting one or more of her major life activities, who had a record of having such an impairment and was regarded as having such impairments.  Her impairments include myasthenia gravis disease which causes her weakness, unsteady balance, decreased ambulation abilities and she has a left knee prosthesis. These conditions substantially impair her ability to walk, climb stairs and requires her to use a cane when walking to help her maintain her balance.

6.      Defendant, Shalercrest Housing Association, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at 272 Mount Vernon Drive, Pittsburgh, Pennsylvania  15223.

## SUBJECT PROPERTY

7.      This Complaint concerns or relates in pertinent part to a residential dwelling as defined by 42 U.S.C. Section 3602 (b), located at 544 Mount Vernon Dr., Pittsburgh, PA 15223. Said property is owned and managed by the Defendant Shalercrest and has been rented by the Plaintiffs for the past 32 years or so.

2

8.      The Defendant Shalercrest owns, rents and/or manages 251 residential dwellings, one of which was rented by the Plaintiffs, known as the Shalercrest Housing Association, Inc. that are also known as "Shalercrest Apartments."

9.      During periods relevant to this case, Defendant Shalercrest, acted through its respective agents, representatives, employees, contractors and sub-contractors, Board of Directors, all of whom acted within the course and scope of their duties and responsibilities that included advertising dwellings available for rent, showing dwellings to prospective renters, processing rental applications, preparing and executing rental agreements and other managerial and administrative tasks related to the ownership, rental and management of the dwellings located at Shalercrest Housing Association, Inc.

10.     During periods relevant to this case, Defendant Shalercrest, acted through its respective Board of Directors, agents, representatives, employees, contractors and sub-contractors, all of whom acted within the course and scope of their duties and responsibilities that included a duty to receive and make determinations regarding requests for reasonable modifications and accommodations made by persons with disabilities renting or occupying a dwelling at its complex known as Shalercrest Housing Association, Inc.

## STATEMENT OF FACTS

11.     On or about January 13, 2017, due to Carol Matthews' multiple medical problems and past falls causing multiple fractures, her health care provider, Lindsay M. Benjamin, D.O. authored a letter for Carol Matthews to give to Defendant Shalercrest advising that a side rail needed to be installed in order to allow Carol Matthews safer access into her home. The letter indicated that Carol Matthews had multiple medical problems that pre-dispose her to significant

falls, that she sustained previous falls causing multiple fractures, that it was dangerous for her

not to have maximum assistance, that further falls could be dangerous and even life-threatening

to her health and that she deemed this medically necessary.

12.     Within several days of receiving the letter from Dr. Benjamin, Plaintiff  Roy

Matthews went to Defendant Shalercrest's office  and delivered a copy of it to the Office

Manager, Polly (last name unknown to Plaintiffs) and told her it was a letter from Carol's doctor

and he requested that he and his wife be permitted to have a handrail installed on the steps at the

main entrance to their apartment. Polly told him that she would give the letter to the "Board."

13.     Plaintiffs never received a response from Defendant Shalercrest to their request

for this reasonable modification and accommodation prior to March 22, 2017, nor did the

Defendant enter into an interactive process with Plaintiffs to discuss their request.

14.     On March 22, 2017, Carol Matthews lost her balance as she started up the stairs to

enter Plaintiffs' apartment and due to not having a handrail to steady or right herself, she fell to

the ground and suffered serious injuries as follows:

(a)     Fracture of the left elbow requiring approximately nine surgical procedures for
the placement of external fixation hardware, multiple infections and multiple
hardware failures;

(b)     Injuries to her left hand, including but not limited to the removal of a tendon from
her ring finger for placement in her left arm;

(c)     Facial contusions and puncture wounds from her teeth penetrating through her
lower lip causing permanent scarring to her lower lip;

(d)     Nearly complete loss of use of her left arm, elbow and hand which requires her to
wear a fixed arm splint at all times;

(e)     Aggravation of her pre-existing myasthenia gravis disease requiring her medical
treatment to change, including but not limited to the placement of a permanent
central catheter in order for her to receive plasmapheresis treatment rather than
the use of temporary intravenous portals in each arm that she used before;

4

(f)     Fracture and soft tissue injuries to her right knee;

(g)     Aggravation of her pre-existing balance, physical weakness and impaired ambulation resulting in catastrophic injuries to her left knee on September 13, 2018 including but not limited to fracture(s), muscle, tendon and ligament injuries requiring her to have at least 4 additional surgical procedures including removal of her left knee prosthesis that was implanted in 2014, attempted repairs of her thigh muscle, ligaments, tendons, multiple infections and ultimately causing the need for her left knee to be fused on January 11, 2019;

(h)     Due to the infection in her left knee, she is at risk for having her left leg amputated above the knee;

(i)     Aggravation of her pre-existing lumbar degenerative spine disease;

(j)     Aggravation of her pre-existing depression and anxiety;

(k)     Injuries to her muscles, joints, tissues and ligaments;

(l)     Permanent scarring to her lower lip, left arm, hand, chest, left knee;

(m)     Permanent disfigurement to her left elbow, arm, hand and left leg;

(n)     Past, present and future mental anguish and physical dysfunction;

(o)     Inability to continue in her usual activities and loss of any form of independence she had prior to her March 22, 2017 fall;

(p)     Past, present and future pain, suffering, humiliation and inconvenience;

(q)     Impairments to her general health, strength and vitality;

(r)     Mental and physical dysfunction;

(s)     Shock to her nerves and nervous system; and

(t)     Loss of life's pleasures.

15.     After her March 22, 2017 fall, Plaintiff Carol Matthews was transported by ambulance to UPMC Mercy Hospital to receive emergency medical services and remained hospitalized there until April 25, 2017 when she returned home.

5

16.     On April 25, 2017, Defendant Shalercrest, without any notice given to Plaintiffs, installed a non-code compliant short grab bar on the exterior wall of Plaintiffs' apartment which provided no assistance to her whatsoever when entering or exiting her apartment.

17.     At some point during the summer months of 2017, Defendant Shalercrest's maintenance supervisor, Justin Corfield, told the Plaintiffs that a handrail would not be installed alongside Plaintiffs' entry stairs because the entry was "in code" and therefore a handrail was not required.  Plaintiffs told Justin that they had friends who had the knowhow and ability to install a rail and that Plaintiffs would pay for the cost of the rail and its installation. Justin's response was that it had to be approved by the Board and the Board said no because it was "in code."

18.     On September 12, 2017, Plaintiff Carol Matthews' new family doctor, Jiayun Lu, M.D. authored a letter following up on the January 13, 2017, letter indicating that Carol had another fall on her front steps on March 22, 2017, resulting in an elbow fracture and multiple surgeries. Dr. Jiayun Lu, reiterated the importance and medical necessity of a handrail to allow safer access at Plaintiff's apartment entrance and prevent further injury and falls.

19.     On January 11, 2018, without any prior notice to or discussion with Plaintiffs, Defendant Shalercrest, arranged for a contractor to come and install two posts and a handrail on the entry stairs of Plaintiffs' apartment.

20.     As a result of her March 22, 2017 fall, Carol Matthews could no longer use the stairs alone to get to her second-floor bedroom or bathroom without another family member's assistance.  She started to live in the living room of her home, sleeping on a couch and using a portable commode.  She became accustomed to ascending the stairs two times per week on average in order to shower. Otherwise, she had to take care of her personal hygiene in her kitchen.

21.     On or about September 13, 2018, Plaintiff Carol Matthews fell inside her apartment while attempting to transfer from her couch to a portable commode. Due to the fact that she lost nearly all use of her left arm as a result of her March 22, 2017 fall on her front steps, she was unable to prevent or mitigate the fall when she lost her balance during the above-described transfer.

22.     As a result of the September 13, 2018 fall, Plaintiff was transported by ambulance to UPMC Mercy Hospital's emergency department due to serious injuries she suffered to her left knee and leg.

23.     Since the September 13, 2018 fall, Plaintiff has not been able to return to her apartment due to multiple surgical procedures she needed which have kept her either hospitalized or confined to a nursing home up to the present time.

24.     Defendant Shalercrest's failure to promptly respond to Plaintiffs' request prevented Plaintiffs from installing the handrail on their entry stairs. But for Defendant Shalercrest's undue delay in granting Plaintiffs' request, Plaintiffs would have had more than sufficient time to arrange for the installation of a handrail to their entry stairs prior to March 22, 2017. The time required to install the handrail would have required less than one days' work. Defendant Shalercrest's undue delay in failing to grant a reasonable modification and accommodation, amounted to a constructive denial of Plaintiffs' January 13, 2017 request and was the proximate cause of Plaintiffs' injuries.

25.     After  Plaintiff Carol Matthews' March 22, 2017 fall, resulting in the near total loss of the use of her left arm, her physical condition and abilities deteriorated even further and were a substantial contributing factor and/or the sole factor causing her catastrophic fall of September 13, 2018, and resulting injuries to her left knee and left leg.

## COUNT I – VIOLATION OF THE FAIR HOUSING ACT

## CAROL MATTHEWS V. SHALERCREST HOUSING AUTHORITY, INC.

26.     Plaintiff incorporates by reference Paragraphs 1 through 25 as though the same were set forth herein at length.

27.     Defendant Shalercrest knew that Plaintiff Carol Matthews suffered from a handicap as defined in 42 U.S.C. Section 3602 (h) or should have reasonably known of it because:

      (a)    She had been a tenant for over 30 years, had requested a reasonable modification in the past on the interior of her apartment for the addition of an additional handrail which the Defendant Shalercrest installed so that she could use the stairs safely;

      (b)    It received a letter from her family doctor explaining the fall risk and dangers her multiple medical conditions presented and the medical necessity of a handrail on her entry steps;

28.     Defendant Shalercrest's failure to promptly respond to Plaintiffs' request to allow a reasonable modification and accommodation for the installation of a handrail on the front steps of Plaintiffs' entry was a discriminatory act against Carol Matthews, a disabled person, and her husband, Roy Matthews.

29.     Defendant acted intentionally, willfully, maliciously and wantonly, in careless and reckless disregard and with a deliberate indifference to the rights and feelings of Plaintiffs, causing Carol Matthews serious and devastating permanent physical injuries and causing both Plaintiffs humiliation, psychological injury, pain and suffering, emotional distress entitling Plaintiffs to receive past and future compensatory damages, general damages and punitive damages due to Defendant Shalercrest's violating the Federal Fair Housing rights of the Plaintiffs.

## COUNT II - NEGLIGENCE

## PLAINTIFFS V. SHALERCREST HOUSING ASSOCIATION, INC.

30.    Plaintiffs incorporate by reference Paragraphs 1 through 29 as though the same were set forth herein at length.

31.    The Defendant, Shalercrest Housing Authority, Inc., owed a duty to Plaintiffs to comply with generally accepted standards of care as an owner, landlord and manager of the dwellings located at Shalercrest Housing Authority, Inc.

32.    As indicated above, Defendant Shalercrest breached its duty to Plaintiffs, engaged in unprofessional conduct, including without limitation by failing, refusing and neglecting to maintain a level of knowledge customary for property managers to ensure that they met the standard of care for disabled tenants, particularly the Plaintiffs, requesting reasonable, necessary modifications and accommodations in order to allow them to use and enjoy their dwelling and exercise their rights pursuant to 42 U.S.C. Section 3604 (f) (3) (A) and (B).

33.    The damages sustained by Plaintiff were caused by the negligence, carelessness, recklessness and outrageous conduct of Defendant Shalercrest by and through its Board of Directors, respective agents, servants, sub-agents, employees, contractors, sub-contractors and/or representatives.  This conduct consisted of, but was not limited to, the following:

      (a)    Failing to provide and perform duties attendant to a disabled individual with due regard and due care for their safety;

      (b)    Failing to provide reasonably prudent supervision and training to its staff and/or board of directors to know and provide the rights to Plaintiffs pursuant to the Fair Housing Act;

      (c)    Failing to have trained and knowledgeable staff to keep Plaintiff and other disabled tenants safe;

(d)  Failing to develop, implement, adhere to and administer appropriate policies to provide safe facilities to disabled individuals requesting a reasonable modification;

(e)  Failing to promptly respond to Plaintiffs' reasonable modification request when the Defendant knew and/or should have known the foreseeable serious consequences of injury to the Plaintiff if she fell on or about her exterior stairs;

(f)  Failing to maintain compliance with the Fair Housing Act;

(g)  In committing the aforesaid acts and omissions, Defendant Shalercrest, its Board members, agents, representatives, employees, contractors and sub-contractors, all of whom acted within the course and scope of their duties and responsibilities, exhibited a conscious disregard and reckless indifference for the Plaintiff's rights and safety;

(h)  Defendant Shalercrest, its Board of Directors, respective agents, servants, employees, contractors, sub-contractors and/or representatives had a subjective appreciation of the significant risk of harm that a set of stairs without a handrail would expose Plaintiff to and despite that knowledge, acted intentionally, willfully, wantonly and in conscious disregard of that risk with outrageous indifference to Plaintiff's rights by failing to grant Plaintiffs' reasonable modification request as it was clearly required to do pursuant to the Fair Housing Act; and

(i)  Defendant Shalercrest, its Board of Directors, respective agents, servants, sub-agents, employees, contractors, sub-contractors and/or representatives had a subjective appreciation of the significant risk of harm that a set of stairs without a handrail would expose Plaintiff to and despite that knowledge, acted intentionally, willfully, wantonly and in conscious disregard of that risk with outrageous indifference to Plaintiff's rights by failing to properly train its Board of Directors, respective agents, servants, sub-agents, employees, contractors, sub-contractors and/or representatives to provide an appropriate response to Plaintiff's reasonable modification request: and

(j)  Otherwise failing to exercise reasonable care under the circumstances alleged herein.

34.  As a result of the breach of duties described above, Defendant Shalercrest caused harm to the Plaintiffs as described herein for which the Defendant is liable.

### COUNT III.   LOSS OF CONSORTIUM

### <u>ROY MATTHEWS V. SHALERCREST HOUSING AUTHORITY, INC.</u>

35.     Plaintiff, Roy Matthews, incorporates by reference Paragraphs 1 through 34 of this Complaint as if more fully set forth at length herein.

36      As a direct and proximate result of the acts and omissions of Defendant Shalercrest, Plaintiff Roy Matthews has been deprived of the society, companionship and consortium of his wife, Carol Matthews, to his great detriment and harm.

### <u>RELIEF SOUGHT</u>

WHEREFORE, Plaintiff's request this Court to grant the following relief:

(a)   Declare that the acts of Defendant Shalercrest herein complained of violated 42 U.S.C. Sections 3604 (f) (3) (A) and (B);

(b)   Declare that the acts of Defendant Shalercrest herein complained violated the standards of care required of an owner, landlord and manager of the dwellings located at Shalercrest Housing Authority, Inc.;

(c)   Declare that the Defendant Shalercrest is vicariously liable for the acts of its respective agents, servants, employees, Board of Directors and/or representatives including but not limited to their violations of the Fair Housing Act and their negligent breaches of the standard of care required of an owner, landlord and manager of the dwellings located at Shalercrest Housing Authority, Inc.;

(d)   Ordering Defendant Shalercrest to pay such damages in an amount in excess of $75,000.00, sufficient to rectify the harm, pecuniary and otherwise sustained in the past and the future by Plaintiffs Carol Matthews and Roy Matthews and caused by the unlawful acts of the Defendant;

(e)   Ordering Defendant Shalercrest to pay punitive damages to the Plaintiffs Carol Matthews and Roy Matthews in amounts sufficient to deter the Defendant Shalercrest and similarly situated others from engaging in similar unlawful acts;

(f)   Ordering Defendant Shalercrest to pay the costs and attorney's fees incurred by Plaintiffs Carol Matthews and Roy Matthews in bringing and prosecuting this action;

(g)     Ordering Defendant Shalercrest to pay the asserted subrogation lien of Plaintiffs Carol Matthews and Roy Matthews to their health insurance carrier, currently in an amount in excess of $150,000.00; and

(h)     Granting such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Shalercrest Housing Association, Inc. for compensatory damages and general damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages, attorney's fees, as well as interest and costs of suit.

Respectfully submitted,

SOLYMOSI LAW GROUP, LLC

By:/s/ Tibor R. Solymosi, Esquire____
     Attorney for Plaintiffs

818 State Street, Suite 100
Erie, Pennsylvania  16501
Phone:  (814) 888-4878
Fax:  (814) 454-1502
ts@ssinjurylaw.com