## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL MATTHEWS and<br>ROY MATTHEWS, her husband, | NO.  2:19-cv-123 |
| Plaintiffs, | |
| v. | |
| SHALERCREST HOUSING<br>ASSOCIATION, INC., | |
| Defendant. | |

### ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Shalercrest Housing Association, Inc., by and through its counsel, Elizabeth F. Collura, Esquire, and William J. Ferren & Associates, files its Answer and Affirmative Defenses as follows:

1. The averments of Paragraph 1 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 1 is denied with strict proof thereof demanded at time of trial.  By way of further response, Defendant denies that it discriminated against Plaintiffs in any way or form.

### JURISDICTION AND VENUE

2. The averments of Paragraph 2 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 2 is denied with strict proof thereof demanded at time of trial.

3. The averments of Paragraph 1 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 1 is denied with strict proof thereof demanded at time of trial.

## PARTIES

4. The reference to "all times relevant" is a conclusion of law to which no responsive pleading is required, and to the extent a response is required it is denied with strict proof thereof demanded at time of trial. The remaining averments of Paragraph 4 are admitted.

5. The averments of Paragraph 5 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 5 is denied with strict proof thereof demanded at time of trial.

6. The averments of Paragraph 6 are admitted.

## [ALLEGED] SUBJECT PROPERTY

7. Defendant Admits that it owns and manages the property of 546 Mount Vernon Drive, Pittsburgh, Pennsylvania 15223, and that Plaintiffs have rented the property for approximately the last 32 years. The remaining averments of Paragraph 7 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 7 is denied with strict proof thereof demanded at time of trial.

8. The averments of Paragraph 8 are admitted.

9. The averments of Paragraph 9 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 9 is denied with strict proof thereof demanded at time of trial.

10. The averments of Paragraph 10 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 10 is denied with strict proof thereof demanded at time of trial.

## [ALLEGATIONS] OF FACTS

11. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 11, and therefore Paragraph 11 is denied with strict proof thereof demanded at time of trial.

12. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 12, and therefore Paragraph 12 is denied with strict proof thereof demanded at time of trial.

13. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 13, and therefore Paragraph 13 is denied with strict proof thereof demanded at time of trial.

14. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 14, including its subparagraph a through t, and therefore Paragraph 14, including its subparagraphs a through t, is denied with strict proof thereof demanded at time of trial.

15. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 15, and therefore Paragraph 15 is denied with strict proof thereof demanded at time of trial.

16. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 16, and therefore Paragraph 16 is denied with strict proof thereof demanded at time of trial.

17. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 17, and therefore Paragraph 17 is denied with strict proof thereof demanded at time of trial.

18. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 18, and therefore Paragraph 18 is denied with strict proof thereof demanded at time of trial.

19. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 19, and therefore Paragraph 19 is denied with strict proof thereof demanded at time of trial.

20. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 20, and therefore Paragraph 20 is denied with strict proof thereof demanded at time of trial.

21. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 21, and therefore Paragraph 21 is denied with strict proof thereof demanded at time of trial.

22. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 22, and therefore Paragraph 22 is denied with strict proof thereof demanded at time of trial.

23. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 23, and therefore Paragraph 23 is denied with strict proof thereof demanded at time of trial.

24. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 24, and therefore Paragraph 24 is denied with strict proof thereof demanded at time of trial.

25. After reasonable investigation, Defendant is without sufficient information to admit or deny the averments of Paragraph 25, and therefore Paragraph 25 is denied with strict proof thereof demanded at time of trial.

## COUNT I—[ALLEGED] VIOLATION OF THE FAIR HOUSING ACT
## <u>CAROL MATTHEWS V. SHALERCREST HOUSING AUTHORITY, INC.</u>

26. Defendant incorporates all preceding paragraphs as though set forth more fully at length herein.

27. The averments of Paragraph 27, including its subparagraphs a and b, consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 27, including its subparagraphs a and b, is denied with strict proof thereof demanded at time of trial.

28. The averments of Paragraph 28 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 28 is denied with strict proof thereof demanded at time of trial.

29. The averments of Paragraph 29 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 29 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendant Shalercrest Housing Association, Inc. demands judgment in its favor and against Plaintiffs, plus costs of suit, attorney's fees, and all other such relief as this Court may deem just and proper. JURY TRIAL DEMANDED.

## COUNT II—[ALLEGED] NEGLIGENCE

### PLAINTIFFS V. SHALERCREST HOUSING ASSOCIATION, INC.

30.     Defendant incorporates all preceding paragraphs as though set forth more fully at length herein.

31.     The averments of Paragraph 31 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 31 is denied with strict proof thereof demanded at time of trial.

32.     The averments of Paragraph 32 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 32 is denied with strict proof thereof demanded at time of trial.

33.     The averments of Paragraph 33, including its subparagraphs a through j, consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 33, including its subparagraphs a through j, is denied with strict proof thereof demanded at time of trial.

34.     The averments of Paragraph 34 consist of conclusions of law to which no responsive pleading is required.  To the extent a response is required, Paragraph 34 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendant Shalercrest Housing Association, Inc. demands judgment in its favor and against Plaintiffs, plus costs of suit, attorney's fees, and all other such relief as this Court may deem just and proper.  JURY TRIAL DEMANDED.

## COUNT III—[ALLEGED] LOSS OF CONSORTIUM

### ROY MATTHEWS V. SHALERCREST HOUSING AUTHORITY, INC.

35. Defendant incorporates all preceding paragraphs as though set forth more fully at length herein.

36. The averments of Paragraph 36 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 36 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendant Shalercrest Housing Association, Inc. demands judgment in its favor and against Plaintiffs, plus costs of suit, attorney's fees, and all other such relief as this Court may deem just and proper. JURY TRIAL DEMANDED.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs fail to state a cause of action under the Fair Housing Act.

3. Plaintiffs have failed to exhaust their administrative remedies.

4. At all times relevant hereto, Defendant was in compliance with all applicable codes, regulations and ordinances.

5. All injuries suffered by Plaintiff were the result of Plaintiff's own actions and/or inactions.

6. Defendant alleges that all taken with respect to Plaintiff were justified, taken in good faith and for lawful, non-discriminatory business reasons.

7. Defendant alleges that Plaintiff failed to put Defendant on notice of her need for an accommodation, failed to request an accommodation, or failed to properly comply with

Defendant's policies and procedures for requesting an accommodation, and thus has not been denied a reasonable accommodation under the FHA.

8. Defendant alleges that the accommodation Plaintiff is seeking as alleged in the Complaint is not a reasonable or necessary accommodation under the FHA.

9. Defendant alleges that the accommodation Plaintiff is seeking as alleged in the Complaint would impose undue financial or administrative burdens on Defendant, impose an undue hardship on Defendant, or require a fundamental alteration of the applicable zoning scheme.

10. Defendant alleges that at no time did it act intentionally, willfully, maliciously, wantonly, or in careless disregard or with deliberate indifference to the rights of Plaintiffs.

11. Defendant pleads the affirmative defenses of the doctrines of unclean hands, estoppel, waiver, consent and/or laches.

12. Defendant alleges that even assuming, *arguendo*, that Plaintiffs suffered any damages, the alleged damages were caused by and/or were contributed to by Plaintiff's own acts or failure to act.

13. Defendant alleges that even assuming, *arguendo*, Plaintiff suffered any damages, Plaintiffs failed to mitigate their alleged damages. Therefore, any damages allegedly incurred by Plaintiffs must be reduced by any and all amounts Plaintiff could have mitigated.

14. Defendant pleads the affirmative defense of the statute of limitations.

15. Defendant pleads the affirmative defenses of comparative negligence, contributory negligence and assumption of the risk.

16. Defendant pleads that Plaintiff's alleged injuries and damages were caused by the actions or inactions of a third party or parties and/or forces for whose conduct Defendant is neither liable nor responsible, and therefore the claims against Defendant are barred.

17. The injuries and damages allegedly sustained by Plaintiffs were the sole and proximate result of intervening, superseding and/or independent causes over which Defendant has no control.

18. Defendant reserves the right to supplement its Answer with any additional affirmative defenses that may become applicable through the course of discovery.

WHEREFORE, Defendant Shalercrest Housing Association, Inc. demands judgment in its favor and against Plaintiffs, plus costs of suit, attorney's fees, and all other such relief as this Court may deem just and proper.  JURY TRIAL DEMANDED.

**WILLIAM J. FERREN & ASSOCIATES**

BY: *s/ Elizabeth F. Collura*
  Elizabeth F. Collura, Esquire
  Attorney for Defendant,
  Shalercrest Housing Association, Inc.
  PA I.D. #206197

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2019, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tibor R. Solymosi, Esquire
Solymosi Law Group, LLC
818 State Street
Erie, PA  16501
***(Counsel for Plaintiffs)***

**WILLIAM J. FERREN & ASSOCIATES**

BY: *s/ Elizabeth F. Collura*
Elizabeth F. Collura, Esquire
Attorney for Defendant,
Shalercrest Housing Association, Inc.
PA I.D. #206197